**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVID LUCAS, | * |
|     Plaintiff | |
|     v. | * CIVIL ACTION NO. RWT-05-1421 |
| ORCHARD CELLMARK, | * |
|     Defendant. | |
| | ****** |

**MEMORANDUM OPINION**

On May 23, 2005, this Court received a "Notice of Intent to Seek a Court Order for Pre-Action Discovery" from David Lucas, a prisoner currently housed in Bessemer, Alabama. (Paper No. 1). Although difficult to decipher, it appears that Plaintiff is seeking pre-filing discovery of materials for purposes of filing a future 28 U.S.C. § 2255 in the United States District Court for the Southern District of California or the United States District Court for the District of Columbia, to challenge his conviction while serving in the United States Navy. Plaintiff cites to the Federal Rules of Civil Procedure and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and claims that unspecified DNA evidence, supportive of his claim of actual innocence, was withheld by the prosecution. (Id.). Plaintiff intends to seek such materials from Defendant Orchard Cellmark, a Germantown, Maryland company. (Id.).

Article III of the Constitution limits federal judicial power to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). There is no actual case or controversy before this Court. Plaintiff raises no federal or statutory issues before this Court. Indeed, Plaintiff only indicates his intention of filing a future federal case in a different district.[1]

---

[1] Plaintiff may seek discovery in the appropriate district under Rule 6 of the Rules Governing § 2255 cases.

Further, the FOIA provides that a federal agency "shall" make available to any person records that the person "reasonably describes" in a request to the agency "in accordance with published rules" governing such requests. See 5 U.S.C. § 552(a)(3). Defendant Orchard Cellmark is not, however, a federal agency or government organization and is not subject to the FOIA.[2]  Mamarella v. County of Westchester, 898 F.Supp. 236, 238 (S.D. N.Y.1995).

Finally, Plaintiff would seemingly ask this federal court to compel Orchard Cellmark to provide him discovery. To that end, his cause of action may be construed as a petition for mandamus relief. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed. This federal district court, however, has no mandamus jurisdiction over private corporations. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Therefore, Petitioner's request for mandamus relief shall be dismissed.

In light of this opinion, a separate Order shall be entered dismissing the petition without requiring service of process.

A separate Order follows.

Date:      6/14/05                                            /s/
                                                    ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE

---

[2]  The issue of whether Plaintiff may obtain documents in the possession of the private corporation through an FOIA request to a federal agency is not raised here. Congress has not defined the term "agency records." However, the Supreme Court has specified that two requirements must be met in order for requested materials to qualify as "agency records:" (1) the agency must either create or obtain the requested materials; and (2) the agency must be in control of the requested materials at the time the FOIA request is made. See United States v. Tax Analysts, 492 U.S. 136, 144-145 (1989); Ethyl Corp. v U.S. E.P.A., 25 F.3d 1241, 1247 (4th Cir. 1994).